UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA

CLEAN FUELS DEVELOPMENT
COALITION, MINNESOTA  SOYBEAN
GROWERS ASSOCIATION, ICM, INC.,
MINNESOTA SERVICE STATION &
CONVENIENCE STORE
ASSOCIATION, and NATIONAL
ASSOCIATION OF CONVENIENCE
STORES,

                              Plaintiffs, v.

KATRINA KESSLER, in her official
capacity as Commissioner of the
MINNESOTA POLLUTION CONTROL
AGENCY (MPCA); PETER
TESTER, in his official capacity as
Deputy Commissioner of MPCA; FRANK
KOHLASCH, in his official capacity as
Assistant Commissioner of MPCA; KIRK
KOUDELKA, in his
official capacity as Assistant Commissioner
of MPCA; DANA VANDERBOSCH, in
her official capacity as Assistant
Commissioner of MPCA; and TIMOTHY
J. WALZ, in his
official capacity as Governor of the State
of Minnesota,

                              Defendants.

Case No. 23-cv-00610-KMM-DTS
The Honorable Katherine Menendez

REPLY MEMORANDUM IN SUPPORT
OF MOTION TO DISMISS

1

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................3

I.   The Amended Complaint Is Moot as to the ZEV and GHG Standards. .................3

    A.  The ZEV Standard has Lapsed. ...................................................................4

    B.  The Rule's Requirements Are Met By the ZEV Credit Allocation and End
        with MY2025. ..............................................................................................7

    C.  The Federal GHG Standards for MY2026 Have Mooted Any State GHG
        Standards. .....................................................................................................8

    D.  This Case Will Not Repeat or Evade Review. .............................................9

II.  Even if this case were not already moot, it soon will be because MPCA is taking
    steps to rescind the Clean Cars Rule. ..................................................................10

III. The  Amended  Complaint  Fails  to  Adequately  Allege  Standing....................10

CONCLUSION ....................................................................................................14

**INTRODUCTION**

Despite Plaintiffs' arguments to the contrary, Plaintiffs' attacks on the Minnesota Zero-Emissions Vehicle (ZEV) and Greenhouse-Gas (GHG) standards must be dismissed as moot because there is no relief that the Court could provide. The ZEV standard lapsed with model year 2025 (MY2025) production, and the MY2025 credit allotment allowed manufacturers to comply without delivering a single ZEV. The case is also moot because the Rule's GHG standard has been eclipsed by the federal GHG standards.

Even if the case is not moot, it will be soon because MPCA identified the Rule as obsolete, the first step in its recission.

Putting aside these recent developments, this case should be dismissed because Plaintiffs never had standing in the first place. The Response presents several matters of factual dispute that should not receive any presumption under *Osborn*. The Response offers additional unpled facts, speculation, assumptions, and analysis via attorney argument. This Court should not credit those unpled facts. But even if Plaintiffs had alleged these matters, they introduce factual disputes that can be easily tested at an *Osborn* hearing.

## I.    THE AMENDED COMPLAINT IS MOOT AS TO THE ZEV AND GHG STANDARDS.

The Amended Complaint's attack on the ZEV standard must be dismissed as moot. The ZEV standard started and ended with MY2025, which lapsed January 1, 2026, thus mooting the case. Plus, the ZEV standard provided all the credits that automakers needed to comply in MY2025, requiring nothing further. "A case becomes moot when it becomes impossible for the court to grant any effectual relief." *Iowa v. Wright*, 154 F.4th 918, 941

3

(8th Cir. 2025). It is now impossible for the Court to grant relief on ZEV.

**A.  THE ZEV STANDARD HAS LAPSED.**

The sunset provision has ended the ZEV standard. The latest possible production date for any MY2025 vehicle was December 31, 2025. It is now January 14, 2026. That is enough to find the ZEV challenge moot. But Plaintiffs challenge the sunset date and argue that the ZEV standard might have lingering effects moving forward. Neither of these arguments have merit.

**The sunset date is effective**

Plaintiffs argue that the sunset date—which was incorporated by reference—works a "major" change to the Rule's ZEV standard and is ineffective according to Minnesota law. Resp. 31–32. But the sunset provision is specifically adopted by the Rule, and Minnesota courts have upheld it. Plus, Plaintiffs do not challenge the efficacy of the sunset provision in the Amended Complaint. Even if they had, Plaintiffs are wrong on the merits.

The California Rule that Minnesota adopts by reference "as amended" contains the 2025 sunset date as written. Minn. R. 7023.0150, subp. 2, 7023.0300, subp. 1 (incorporating California Code as amended); Cal. Code Regs. tit. 13, § 1962.2 (incorporated ZEV standard, as amended, ends with MY2025).

This sunset date was squarely addressed in, and resolved by, the Minnesota Court of Appeals' decision in *Minnesota Automobile Dealers Association v. Minnesota Pollution Control Agency*. There, the plaintiff directly raised the issue of the 2025 sunset date and argued it constituted an improper major amendment. 986 N.W.2d 225 (Minn. Ct. App. 2023), *rev. denied* (Minn. May 16, 2023), *cert. denied*, 144 S. Ct. 287 (Oct. 10, 2023)

4

("*MADA*"); Rios-Keating Suppl. Exs. R; S. The court rejected these arguments. *Id.* at 233–34, n8. Plaintiffs ignore this history. *See* Resp. 5–6, 31–32. This Court should not invade the Minnesota courts' assessment of Minnesota law upholding the sunset date. *GEICO Gen. Ins. Co. v. M.O.*, 109 F.4th 1125, 1128 (8th Cir. 2024) (federal courts defer state court interpretations of state law); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (the supreme court has "repeatedly has held that state courts are the ultimate expositors of state law").

Plus, Plaintiffs did not challenge the validity of the sunset provision. The Amended Complaint contains no such allegations under federal or state law. If anything, the Amended Complaint explicitly acknowledges the sunset date. Dkt. 63 ¶25 (alleging ZEV applies to MY2025 only); *see also* ¶¶11–13 (nothing about sunset), 89–92 (same), 117-118 (same). It never alleges the 2025 sunset is ineffective. *Id.* Plaintiffs' theory appears for the first time in the responsive brief, but briefs cannot be used to backfill pleadings that are otherwise deficient. *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (complaint "may not be amended by the briefs"); *accord Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (courts should not "conjure up unpled allegations" to save a complaint).

Finally, even if this Court were to reach the issue, Plaintiffs are wrong on the merits. The sunset date was added to make room for California's newest suite of regulations (ACCII) slated to begin in 2026, none of which Minnesota has adopted. Minor updates to existing rules are done by amendment, where as "major" changes are through new rules. *MADA*, 986 N.W.2d at 233–34. Minnesota adopted California's sunset provision amendment when it adopted the rule "as amended." *Id.* n.8.

CASE 0:23-cv-00610-KMM-DTS    Doc. 84    Filed 01/14/26    Page 6 of 15

**<u>There are no lingering effects</u>**

Plaintiffs hypothesize that manufacturers might deliver MY2025 vehicles into the state even though their production run is over. Resp. 38. Not only is that factual assertion unpled, but it is inconsistent with the Clean Cars Rule and basic market conduct of manufacturers.

First, the Rule defines "Model year" as "the manufacturer's annual production period that includes January 1 of a calendar year." Minn. R. 7023.0200, subp. 9. The Rule even uses a production goalpost—when the chassis is complete—to determine a model year when a motor vehicle is manufactured in two or more stages. *Id*. Plus, the Rule requires manufacturers to certify their compliance by May 1, which clearly assumes that deliveries are ending well before that. Minn. R. 7023.0300, subp. 2(B). It even provides that the report could be amended for late sales, demonstrating that such deliveries would be out of the ordinary. *Id*.

Second, Plaintiffs offer no basis for concluding that a rational manufacturer would choose to deliver MY2025 vehicles into the state when they are now two years out of date; we are midway through MY2026 and MY2027 began on January 2.

Finally, whether MY2025 vehicles are still being delivered can be easily determined. *Osborn* discovery would allow the parties to ask such questions of manufacturers. Alternatively, the Court can hold its decision open until the automakers' reports are submitted to MPCA on or before May 1.

But none of that factual exposition is necessary to rule in Defendants' favor on this motion. The most elegant path for the Court is to simply rule that because the ZEV standard

has lapsed, the Court cannot offer any relief to Plaintiffs by setting it aside, thus mooting this aspect of the case. *Wright*, 154 F.4th at 941.

### B. THE RULE'S REQUIREMENTS ARE MET BY THE ZEV CREDIT ALLOCATION AND END WITH MY2025.

The Rule provides automakers with an allotment of credits sufficient for one year of compliance—but given intervening developments, the standard is in effect for MY2025 only. Br. 19. This means that automakers will fully comply for MY2025 without delivering a single ZEV into the state. The Amended Complaint does not allege that the ZEV requirement demands automakers alter their practices in any way. Thus, this Court cannot offer any prospective relief to Plaintiffs.

To avoid mootness, the Response invents a speculative new theory that manufacturers <u>might</u> choose to deliver extra ZEVs and hoard the resulting surplus credits to "hedge against the risk" of future regulations <u>just in case</u> Minnesota decides to engage in a <u>possible</u> future rulemaking sometime after MY2025. Resp. 29. This Court should reject Plaintiffs' speculation for several reasons.

First, this "over-compliance' scenario is unsupported attorney argument. *Morgan*, 868 F.2d at 995 (briefs cannot amend pleadings); *Gregory*, 565 F.3d at 473 (unpled allegations cannot save a complaint). The Amended Complaint simply does not allege that manufacturers would take any such action. This Court should reject this theory because it is unpled; even if it were pled, the theory is unsubstantiated, unlikely, and speculative. *See Ingram*, 91 F.4th at 927. Speculation is not enough to survive a motion to dismiss. *See Smith & Wesson Brands, Inc. v. Estados Unidos Mexicanos*, 605 U.S. 280, 295 (2025).

7

Third, Plaintiffs allege that the ZEV credits create an incentive structure short of enforcement. Resp. 33–35. This, again, is unpled attorney argument that the Court should not credit or presume to be true. But even if the Court were to consider the incentive structure that Plaintiffs allege, a plaintiff lacks standing to challenge regulations that have no mechanism for enforcement. *California v. Texas*, 593 U.S. 659, 669 (2021)

Now that MY2025 is over and automakers have received all of the credits they need, and absent any allegation (much less plausible evidence) that automakers will make late or additional ZEV deliveries, there is nothing left for the Court to do that would offer Plaintiffs any relief. The case is moot.[1]

## C. THE FEDERAL GHG STANDARDS FOR MY2026 HAVE MOOTED ANY STATE GHG STANDARDS.

The GHG standards are also moot. As of today, the Rule's GHG requirements are equal to the federal standards for MY2025. The Rule's requirements then flatline while the federal GHG standards become more stringent for MY2026. Br. 21–22. Automakers must already comply with these federal standards, and MY2025 has ended. Br. 27.

Plaintiffs' reliance on *Wright* is inapposite. 154 F. 4th at 940–41. There, the Plaintiffs asserted that a DOE rule would harm them by causing increased emissions and causing more ZEVs to be driven on their highways. The government argued that a set of federal GHG regulations would require more ZEVs anyway, thus mooting the case. *Id*. The court held that

---

[1]    Even if the Court were to credit Plaintiffs' attorney argument about continuing effects, those facts are subject to a dispute and should be resolved via evidentiary hearing. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Plaintiffs claim that the appellate standard is more rigorous than Rule 12. Resp. 24. But Plaintiffs fail to address *Osborn*, which modifies the burden and allows the Court to resolve factual disputes.

the case was not moot because a supplemental affidavit demonstrated that "even with EPA's new standards, the final rule still has the effect of increasing emissions and accelerating the manufacture of electric vehicles." *Id.* at 941. Plaintiffs do not raise any such argument here, nor could they, because the federal GHG standards are more stringent than the Rule's.

Plaintiffs further argue that EPA currently proposes rescinding the federal tailpipe emissions standards, causing Minnesota's GHG standards to again be more stringent. Resp. 37. But that has not happened; the case is currently moot. If the federal rescission becomes effective, Plaintiffs may attempt a new case.

### D. THIS CASE WILL NOT REPEAT OR EVADE REVIEW.

The "capable of repetition but evading review" doctrine is an "extraordinary and narrow" exception to mootness. *Randolph v. Rodgers*, 170 F.3d 850, 856, n7 (8th Cir. 1999). It applies when (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation the complaining party will be subject to the same action again. *Id*. A mere "possibility" of future action is simply insufficient to invoke it. *Id*. Plaintiffs do not allege that there are any plans for Minnesota to adopt future rules, such as California's ACCII program. Resp. 18. Instead, they posit that it is possible for the MY2025 sunset date to be deleted. Resp. 7.

Even if Plaintiff's were not speculating, removing the end date would not result in a "short" duration. Instead, the Rule would apply to all subsequent model years, so there would be plenty of time to challenge it. Second, there is no reasonable expectation that there will be any such amendment because California has not proposed one. The repeatable

9

but evading review doctrine simply does not apply here.

## II. EVEN IF THIS CASE WERE NOT ALREADY MOOT, IT SOON WILL BE BECAUSE MPCA IS TAKING STEPS TO RESCIND THE CLEAN CARS RULE.

In late December 2025, MPCA submitted a report identifying the Rule as obsolete because of the end of MY2025 in the automobile industry. *MPCA Obsolete Rules Report to Legislators*, MINNESOTA POLLUTION CONTROL AGENCY (December 23, 2025) https://www.pca.state.mn.us/sites/default/files/lrp-gen-3sy25.pdf; *Clean Cars MN rule to end after successfully increasing electric vehicles in the state*, MINNESOTA POLLUTION CONTROL AGENCY (December 29, 2025) https://www.pca.state.mn.us/news-and-stories/clean-cars-mn-rule-to-end-after-successfully-increasing-electric-vehicles-in-the-state. By taking the Clean Cars rule off "the books," Plaintiffs' alleged harms will no longer occur, and there will be no effectual relief that this court will be able to grant. *Wright*, 154 F.4th at 941.

In short, the State's action to rescind the Rule will fully resolve this case.

## III. THE AMENDED COMPLAINT FAILS TO ADEQUATELY ALLEGE STANDING.

The Amended Complaint fails to adequately establish standing, and attorney argument cannot resuscitate Plaintiffs' deficient Amended Complaint. Standing is a matter of subject-matter jurisdiction subject to Rule 12(b)(1). *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). A complaint must contain sufficient factual matter to state a claim that is plausible on its face. *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts.'" *Ingram v. Arkansas Dep't of*

10

*Correction*, 91 F.4th 924, 927 (8th Cir. 2024). Importantly here, for motions to dismiss that present factual disputes over standing, the Court should not make any inferences in the plaintiffs' favor but should resolve the factual disputes. *Osborn*, 918 F.2d at 729 n.6. Mere conjecture, hypotheticals, or speculation are insufficient. *Friends of the Earth, Inc. v. Laidlaw Env'l Services*, 528 U.S. 167, 180-181 (2000); *accord Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). "[P]leadings must be something more than an ingenious academic exercise in the conceivable." Of course, standing is assessed at the time of filing. *Friends,* 528 U.S. at 170.

To avoid *Friends*, Plaintiffs invoke *Wright*. But timing was of the essence in that case. When it was filed, the DOE rule that Plaintiffs sought to challenge would cause them harm and the EPA GHG standards came later. 154 F.4th 918, 940 (8th Cir. 2025). The petition there was filed on April 5, 2024, whereas the EPA standards that eliminated petitioners' harm postdated commencement of the suit (April 18, 2024). *Id*.; *contra* Br. at 37 (misapplying *Wright*). The opposite case is presented here. The federal standards at issue were published in 2021, and this case was not filed until March 2023. *Chamber of Commerce* remains good and applicable law to this situation, where Plaintiffs were never harmed as of the date they filed either of their complaints. *Chamber of Commerce of the United States v. EPA*, 642 F.3d 192 (D.C. Cir. 2011) ("the national standards, and not EPA's waiver decision, will be responsible for any injury").

As applied, the operative facts of this motion were true at the time the case was filed and as of the Amended Complaint dated October 15, 2025. Dkt. 63. The Response offers "facts" consisting of speculation, matters contrary to the record, that are internally

11

inconsistent, or that are wholly absent from the Amended Complaint. The Court should not credit them, or it should order jurisdictional discovery and hold an *Osborn* hearing.

The ZEV standard provides a one-year credit allotment assuring compliance and its requirements have not expired, whereas the GHG standard is now exceeded by federal GHG standards. As a result, the Complaint does not allege any prospective injuries that will be caused by the Rule, or that are redressable by the Court. The Amended Complaint does not plausibly allege any specific actions that manufacturers would need to take to comply with the ZEV standard that would be harmful to Plaintiffs.

The Amended Complaint is likewise deficient as to the GHG standards. As of the date of this motion, the Rule's GHG requirements are equal to the federal standards for MY2025 and then flatline, while the federal GHG standards become more stringent for MY2026. Br. 21–22. Automakers already complied with these federal standards, and MY2025 has ended. Br. 27. Once that record is considered, neither the Amended Complaint nor the Response adequately allege any facts supporting injury caused by the Rule or establishing that invalidation of the Rule would provide any redress. This Court should not credit Plaintiffs' attempts to avoid this reality. Plaintiffs offer three bases to claim that they are harmed by the state GHG standards for MY2026. None should be credited.

First, Plaintiffs rely on *Diamond Energy*, which they claim is dispositive. It is not. It was decided on different grounds and under a different state regime that was in place for years in which the state standards would have been more stringent than the federal standards. *Diamond Energy*, 606 U.S. at 107–08. The opposite is true here, where for MYs 2025 and 2026, the federal standards are more stringent. Br. 21–22.

Second, Plaintiffs speculate that automakers could comply with the federal GHG standards (which are based on national averages) by engaging in pollution arbitrage. The Response posits that to comply with the national fleetwide average standards, manufacturers could deliver dirtier vehicles into Minnesota and sell cleaner vehicles in other states. Resp. 23–25. But that theory of the case suffers several flaws:

- The Amended Complaint contains no such allegations, so there is nothing for this Court to credit at the Rule 12 stage. Attorney argument is insufficient. *Compare* Resp. 25-27 *with* Amend. Compl. at *passim*; *Morgan*, 868 F.2d at 995.

- Even if the Amended Complaint contained such allegations, they would remain improperly speculative. *Friends*, 528 U.S. at 181; *Delorme*, 354 F.3d at 815. These arguments do not present a "predictable effect" of fuel consumption at issue in *Diamond Energy*.

- Ethanol is a commodity sold on national and international markets. Thus, there is nothing about Minnesota's GHG standard that would injure the fuel Plaintiffs' nationwide ethanol sales. *See* Amend. Compl. ¶¶ 15-19.

- The State disputes the Plaintiffs' facts, so even if the Court were to entertain such attorney argument it should be put to the test via an *Osborn* hearing. 918 F.2d at 729 n.6.

Third, Plaintiffs assert that the federal GHG standards are soon to be rescinded because there are several proposed regulatory actions pending. Resp. 28.  But standing is to be assessed at the time of <u>filing,</u> not based on latter-developing regulatory landscapes.

13

This case was originally filed in March 2023, and the Amended Complaint is dated October 15, 2025. Dkt. 63. On both of those dates, Minnesota's rules did not begin until 2025 (comparable stringency) and the federal standards were more stringent beginning in 2026. Rescission of the federal GHG standards is a potential future event had not occurred at the time of filing.

Once these arguments are dispensed with, Plaintiffs cannot meet their burden to establish standing.

## CONCLUSION

For all of the foregoing reasons, this Court should GRANT the motion to dismiss.

Respectfully Submitted,

Dated: January 14, 2026

**MINNESOTA ATTORNEY GENERAL**

*/s/ Peter N. Surdo*

Peter N. Surdo, MN Atty. Reg. No. 0339015
Special Assistant Attorney General
445 Minnesota Street, Suite 600St.
Paul, Minnesota 55101 (651)757-
1061
peter.surdo@ag.state.mn.us

Catherine Rios-Keating
Special Assistant Attorney General Atty.
Reg. No. 0402940
445 Minnesota Street, Suite 600St.
Paul, Minnesota 55101
(651) 300-7302
catherine.rios-keating@ag.state.mn.us

14

*Attorneys for Katrina Kessler in her official capacity as Commissioner of the MPCA, Peter Tester, in his official capacity as Deputy Commissioner of MPCA, Frank Kohlasch in his official capacity as Assistant Commissioner of MPCA, Kirk Koudelka in his official capacity as Assistant Commissioner of MPCA, Dana Vanderbosch in her official capacity as Assistant Commissioner of MPCA, and Timothy J. Walz in his official capacity as Governor of the State of Minnesota*